Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN F. GRADY | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 2000 C 8227 | DATE | 3-30-01 |
| CASE TITLE | John L. Cappas (98876-024) v. Michael W. Dobbins, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to alter or amend judgment [10-1] is denied.

(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 0 2 2001 date docketed | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOHN CAPPAS, )
)
    Plaintiff, )
) No. 2000 C 8227
    v. )
) Judge John F. Grady
MICHAEL W. DOBBINS, et al., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

On March 8, 2001, this court entered judgment summarily dismissing plaintiff John Cappas's pro se *Bivens* action pursuant to 28 U.S.C. § 1915A. Cappas had sought to sue employees of this court and of the Federal Bureau of Prisons for failing to forward to him notice of this court's order denying his § 2255 motion attacking his criminal conviction, causing his appeal to be untimely. Cappas also sought to sue his former attorney for failing to perfect an appeal as soon as he learned of the judgment, rather than sending Cappas materials to complete and file himself. Cappas has filed a timely motion to reconsider under Rule 59(e), Fed.R.Civ.P.[1]

Cappas's first objection is that this court was not authorized to review and dismiss this action under 28 U.S.C. § 1915A because this action was not brought in forma pauperis. Section 1915A by its terms applies to all civil actions brought by prisoners against governmental employees. Cappas's argument was rejected in *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999), which likewise held that the court's power to dismiss a case *sua sponte* "at any time" for failure to state a claim extends to all suits, brought by prisoners and non-prisoners alike, paid and unpaid. The contrary opinions Cappas cites from other circuits are not binding on this court.

Cappas is correct that a plaintiff should be granted leave to amend his complaint if it appears he can state a claim, but leave need not be granted if amendment would be futile. *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). Cappas asserts that his claim against defendant Marvin Bloom, Cappas's ex-attorney, should have been permitted to proceed as a diversity suit

---

[1] Cappas is mistaken that the time runs from the date of his receipt of notice of judgment. The motion is timely because mailed within ten days from the date of the entry of judgment (not including weekends, per Rule 6(a)).

under 28 U.S.C. § 1332 because Cappas is a citizen of Minnesota while Bloom is a citizen of Illinois. A prisoner, however, is presumed to retain the citizenship he held at the time he was incarcerated. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). When he entered custody Cappas was a citizen of Illinois; his present incarceration in a Minnesota facility does not make him a citizen of Minnesota. The presumption is rebuttable, *id.*, but Cappas has offered nothing other than a Minnesota mailing address to rebut it.

Cappas's claims that the court should have permitted the case to proceed as a suit under the Federal Tort Claims Act (FTCA), because he was engaged in submitting his claim for agency review as required by 28 U.S.C. § 2675(a) at the time this court dismissed his complaint. Cappas is mistaken, for two reasons. First, Cappas named the wrong defendants, suing individual federal employees, while the only proper defendant in an FTCA suit is the United States. Second, if a plaintiff has not exhausted administrative procedures prior to filing suit, the suit must be dismissed, even if the plaintiff exhausts administrative procedures while the suit is pending. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Cappas apparently does not contest the court's ruling that he has properly pleaded no more than negligence and that negligence is insufficient to support a *Bivens* suit, which requires a constitutional violation. He challenges the court's alternative ground for dismissal, that a claim for interference with access to the courts in a criminal case is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) as applied by *Hoard v. Reddy*, 175 F.3d 531 (7th Cir. 1999), *cert. denied*, 528 U.S. 970 (1999).

Cappas asserts that proof that someone negligently failed to forward his mail would not necessarily invalidate his conviction. True enough, but it is elementary that a plaintiff cannot receive damages without proving an injury, *JTC Petroleum Co. v. Piasa Motor Fuels, Inc.*, 190 F.3d 775, 778 (7th Cir. 1999), and Cappas can prove no injury unless he can prove his conviction would have been reversed or his sentence modified had his appeal been heard. As the Seventh Circuit has pointed out, a person whose civil litigation has been thwarted need only show that he had a non-frivolous claim, since arguable civil claims are "bought" and "sold" in litigation all the time. *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998). That is not true of criminal appeals;

an appellant either wins or loses. The government does not bargain criminal appeals, so if Cappas wouldn't have won, he wasn't injured by being unable to appeal. *See Hoard*, 175 F.3d at 533-34.

Cappas points out that as a consequence of defendants' alleged negligence he cannot challenge his conviction, so *Heck* should not apply. Cappas has a point. The Seventh Circuit in *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000), has indicated that a plaintiff may bring a damage suit under § 1983, even though success would necessarily imply the invalidity of his conviction, if federal habeas is unavailable to challenge that conviction. But *DeWalt*'s actual holding is not broad enough to cover Cappas's claim.

The Seventh Circuit in *DeWalt* noted that the majority and concurring opinions in *Heck* had different views of its rationale and breadth. Justice Souter's concurring opinion, joined by Justices Blackmun, Stevens, and O'Connor, understood *Heck* as drawing a boundary between habeas corpus and § 1983, with the former setting a limit on the latter; when a prisoner was no longer in custody and habeas corpus unavailable, a suit under § 1983 impugning an existing conviction should be permitted without first requiring that the conviction have been vacated. In contrast, Justice Scalia's opinion for the majority based its reasoning in large part on the policy of disfavoring collateral attacks on criminal convictions generally and particularly through civil actions, "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," a principle indifferent to the availability of federal habeas relief. *Heck*, 512 U.S. at 485.

*DeWalt* addressed a case where a prisoner alleged retaliatory disciplinary sanctions that did not affect the length of his confinement and therefore were beyond the reach of habeas corpus. The court held that his claims were not barred by *Heck*, basing its opinion on an apparent shift of opinion by Justice Ginsburg, who, in *Spencer v. Kemna*, 523 U.S. 1 (1998), appeared to have joined Justice Souter's understanding of *Heck* so that it now commanded the adherence of five sitting Justices. The court in *DeWalt*, however, indicated that it would not go against standing Supreme Court precedent on the basis of a perceived shift of opinion among the Justices, and limited its holding to a narrow question not addressed by the Supreme Court: "whether *Heck's* favorable-termination requirement bars a prisoner's challenge under § 1983 to an administrative sanction that does not affect the length of confinement." *DeWalt*, 224 F.3d 616. Its express

holding was "the unavailability of federal habeas relief does not preclude a prisoner from bringing a § 1983 action to challenge a condition of his confinement that results from a prison disciplinary action." *Id.* at 618. This holding obviously does not apply to this case.[2/]

It remains to be seen to what extent the Supreme Court or the Seventh Circuit will limit *Heck* in the future. For now, Cappas's claim is barred by a strict reading of *Heck* and does not come within the exception of *DeWalt*.[3/] And even if *Heck* were not a bar, a constitutional claim of denial of access to the courts would have to allege an injury, that but for defendants' actions, Judge Manning's ruling would have been reversed on appeal, resulting in a positive change in Cappas's conviction or sentence. The claim would also have to allege deliberate action, not the isolated incident of negligence alleged here. *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992), *cert. denied sub nom. Sceifers v. Vail*, 506 U.S. 1062 (1993).

For the foregoing reasons, the motion to alter or amend judgment is denied.

IT IS SO ORDERED.

John F. Grady, Judge
United States District Court

DATED: 3-30-01

---

[2/] In *Carr v. O'Leary*, 167 F.3d 1124 (7th Cir. 1999), unlike *DeWalt*, the length of the plaintiff's confinement had been affected by the action for which he sought damages under § 1983. Nevertheless, while the court observed that "[a] majority of the Justices of the Supreme Court have said that a prisoner who cannot challenge the validity of his conviction ... by either appeal or postconviction procedure can do so by bringing a civil rights suit for damages under 42 U.S.C. § 1983," the court's holding was based on the state's waiver of the *Heck* defense. Only Judge Ripple's concurring opinion argued for a holding that *Heck* did not apply.

[3/] *DeWalt*'s reading of the five Justices' opinions in *Spencer*, "that a § 1983 action must be available to challenge constitutional wrongs where federal habeas is not available," *DeWalt*, 224 F.3d at 617, is broader than justified by a strict reading of the opinions. Although Justice Stevens indicated that the unavailability of a federal habeas remedy should open the gates of § 1983, 523 U.S. at 25 n.8 (Stevens, J., dissenting), the opinions representing the other four Justices only stated that § 1983 should be available when habeas is unavailable because the plaintiff is not "in custody." *Spencer*, 523 U.S. at 20-21 (concurrence of Souter, J., joined by O'Connor, Ginsburg and Breyer, JJ.); 523 U.S. at 21 (concurrence of Ginsburg, J). Read literally, the "*Spencer* exception" would not apply to either *Jenkins v. Haubert*, 179 F.3d 19 (2d Cir. 1999), which *DeWalt* followed, or *DeWalt*, as the plaintiffs in both cases (unlike in *Carr*) were in custody, although their punishments could not be challenged through habeas corpus. If the principle were as broad as stated in *DeWalt*, it would permit claims directly impugning a criminal conviction to proceed not only in Cappas's case, where the defendant's action prevented collateral review, but also where the unavailability of habeas corpus resulted from the prisoner's own actions.

4